UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CONVERGENZ, LLC,<br>c/o 1825 K St., NW, Ste. 750<br>Washington, DC 20006<br><br>        Plaintiff,<br><br>v.<br><br>BRAD COOPER,<br>1017 Red Cedar Way<br>Burleson, TX 76028<br><br>CSI IT, LLC<br><br>        Defendants. | Case No. 1:21-cv-01404-LMB-JFA |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, CSI IT, LLC ("CSI") and Brad Cooper, ("Cooper"), by counsel, for its answer and affirmative defenses to the Complaint filed herein by plaintiff, Convergenz, LLC ("Convergenz") says as follows:

### PRELIMINARY STATEMENT

1. Defendants admit that Brad Cooper was employed by Convergenz, but Defendants deny the remaining factual allegations in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 are neither factual nor legal assertions, but an overview of Convergenz' claims to which no response is required.

### PARTIES

3. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 3 and therefore deny all factual allegations in Paragraph 3.

4. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph

4 and therefore deny all factual allegations in Paragraph 4.

5. Defendants admit the factual allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the factual allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

### *Convergenz' Business*

9. Defendants admit the factual allegations contained in Paragraph 9 of the Complaint.

10. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 10 and therefore deny all factual allegations in Paragraph 10.

11. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 11 and therefore deny all factual allegations in Paragraph 11.

12. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 12 and therefore deny all factual allegations in Paragraph 12.

13. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 13 and therefore deny all factual allegations in Paragraph 13.

14. Defendants lack sufficient knowledge to admit or deny the allegations in

Paragraph 11[1] and therefore deny all factual allegations in Paragraph 11.

15. Defendants admit that CSI is a competitor of Convergenz and admits that CSI's website, includes, among other things, the words "provid[ing] the experienced, well qualified, IT professionals you need, rapidly and cost effectively."

### Cooper's Employment with Convergenz

16. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 13 and therefore deny all factual allegations in Paragraph 13.

17. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

18. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 15 and therefore deny all factual allegations in Paragraph 15.

19. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 16 and therefore deny all factual allegations in Paragraph 16.

20. Defendants admit that part of Cooper's job duties involved working with BNSF, in addition to other companies.

21. Defendants admit that part of Cooper's job duties involved working with BNSF, in addition to other companies.

22. Cooper admits that he had access to Convergenz information and materials. CSI lacks sufficient knowledge to admit or deny the allegations in Paragraph 19 and therefore deny the remaining factual allegations in Paragraph 19.

23. Defendants admit that Convergenz is a competitor of CSI.

---

[1] While Plaintiff numbered this paragraph 11, it is actually the 14th paragraph. Defendant will continue to respond and refer to the allegations as they are numbered in the Complaint.

24. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 21 and therefore deny all factual allegations in Paragraph 21.

25. Defendants admit the factual allegations contained in Paragraph 22 of the Complaint.

### *Convergenz' Confidential Information*

26. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 23 and therefore deny all factual allegations in Paragraph 23.

27. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 24 and therefore deny all factual allegations in Paragraph 24.

28. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 25 and therefore deny all factual allegations in Paragraph 25.

29. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 26 and therefore deny all factual allegations in Paragraph 26.

### *Cooper's Agreement*

30. Defendants admit the factual allegations contained in Paragraph 27 of the Complaint.

31. Defendants admit the factual allegations contained in Paragraph 28 of the Complaint.

32. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 29 and therefore deny all factual allegations in Paragraph 29.

33. Defendants admit the factual allegations contained in Paragraph 30 of the Complaint.

34. Defendants admit the factual allegations contained in Paragraph 31 of the Complaint.

35. Defendants admit the factual allegations contained in Paragraph 32 of the Complaint.

36. Defendants admit the factual allegations contained in Paragraph 33 of the Complaint.

37. Defendants admit the factual allegations contained in Paragraph 34 of the Complaint.

### *Cooper Provided Recruitment Services to BNSF*

38. Defendants admit that Cooper provided recruitment services to several companies, including BNSF, on behalf of Convergenz during his employment with Convergenz.

39. Defendants admit that Cooper received non-confidential information related to BNSF's staffing needs and commission structure.

40. Cooper admits that we received information from Convergenz during his employment. CSI lacks sufficient knowledge to admit or deny the allegations in Paragraph 37 and therefore denies all factual allegations in Paragraph 37.

41. Defendants admit the factual allegations contained in Paragraph 38 of the Complaint.

42. Cooper admits he had access to Convergenz' confidential and non-confidential information during his employment. CSI lacks sufficient knowledge to admit or deny the allegations in Paragraph 39 and therefore denies all factual allegations in Paragraph 39.

43. Paragraph 40 of the Complaint contains assertions of law to which no response is required.

44. Cooper denies the allegations contained in Paragraph 41 of the Complaint. CSI lacks sufficient knowledge to admit or deny the allegations in Paragraph 41 and therefore denies all factual allegations in Paragraph 41.

### *Cooper's Activities with CSI*

45. Defendants admit the factual allegations contained in Paragraph 42 of the Complaint.

46. Defendants admit the factual allegations contained in Paragraph 43 of the Complaint.

47. Defendants admit CSI is a competitor of Convergenz.

48. Defendants admit the factual allegations contained in Paragraph 45 of the Complaint.

49. Paragraph 46 of the Complaint contains assertions of law to which no response is required.

50. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 47 and therefore deny all factual allegations in Paragraph 47.

51. Defendants admit that they engaged in correspondence with regard to Cooper's obligations.

52. Defendants admit that Convergenz sent correspondence to Cooper and CSI and attached a copy of the Agreement.

53. Defendants deny the factual allegations contained in Paragraph 50 of the Complaint.

54. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 51 and therefore deny all factual allegations in Paragraph 51.

55. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 52 and therefore deny all factual allegations in Paragraph 52.

56. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 53 and therefore deny all factual allegations in Paragraph 53.

## COUNT I: BREACH OF CONTRACT
### (Against Defendant Brad Cooper)

57. Answering Paragraph 54 of the Complaint, Defendants repeat, reiterate and reallege each admission, allegation, and denial set forth in Paragraphs 1 – 56 of this Answer as if fully set forth therein.

58. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

## COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE BUSINESS EXPECTANCY
### (Against Defendant Brad Cooper)

68. Answering Paragraph 65 of the Complaint, Defendants repeat, reiterate and reallege each admission, allegation, and denial set forth in Paragraphs 1 – 67 of this Answer as if fully set forth therein.

69. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 66 and therefore deny all factual allegations in Paragraph 66.

70. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

## COUNT III TORTIOUS INTERFERENCE WITH CONTRACT
### (Against Defendant CSI IT, LLC)

73. Answering Paragraph 70 of the Complaint, Defendants repeat, reiterate and reallege each admission, allegation, and denial set forth in Paragraphs 1 – 72 of this Answer as if fully set forth therein.

74. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 71 and therefore deny all factual allegations in Paragraph 71.

75. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

76. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 73 and therefore deny all factual allegations in Paragraph 73.

77. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

78. The court lacks personal jurisdiction over Defendants.

### Second Affirmative Defense

79. The court lacks venue over Defendants.

### Third Affirmative Defense

80. The Complaint fails to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

81. Defendants did not breach an obligation owed to Plaintiff.

### Fifth Affirmative Defense

82. Plaintiff's claims are barred as the contractual provisions Plaintiff seeks to enforce are invalid under Virginia law.

### *Sixth Affirmative Defense*

83.     Claimant's claims are barred because such claims or monetary recovery for such claims have been waived, discharged and/or abandoned.

### *Seventh Affirmative Defense*

84.     Claimant's alleged damages are not the proximate result of Defendants' conduct, act or omission.

### *Eighth Affirmative Defense*

85.     The asserted non-compete agreement is unenforceable, including at least for the reasons that the restrictions are unreasonable and/or greater than necessary to protect Plaintiff's legitimate business interests (to the extent there are any such legitimate interests).

### *Ninth Affirmative Defense*

86.     The non-compete is unreasonable in geographic and/or temporal scope.

### *Tenth Affirmative Defense*

87.     The non-compete is ambiguous and thus unenforceable.

### *Eleventh Affirmative Defense*

88.     The non-compete provisions are overbroad, including but not limited to the reason that they unduly restrict unrelated, non-competitive activities and properly obtained and used information, knowledge, experience, and/or expertise of Defendants.

### *Twelfth Affirmative Defense*

89.     Plaintiff has no legitimate business interest in precluding Cooper's employment.

### *Thirteenth Affirmative Defense*

90.     The asserted restrictions are contrary to law and public policy, as they undermine and restrain trade, limit employment mobility, and restrain employment and commerce outside

the Commonwealth of Virginia.

*Fourteenth Affirmative Defense*

91. Plaintiff's claims, or the requested remedies, are barred by the equitable defenses including unclean hands, equitable estoppel, and/or laches.

WHEREFORE, Defendants, CSI IT, LLC ("CSI") and Brad Cooper, ("Cooper"), demand judgment in their favor and that they recover their costs expended in this action and that plaintiff take nothing.

**DEMAND FOR JURY TRIAL**

Defendants, CSI IT, LLC ("CSI") and Brad Cooper, ("Cooper"), demand a jury trial on all claims and issues of fact so triable.

Dated: April 1, 2022                                  Respectfully submitted,

  */s/ Brian H. Pandya*
Brian H. Pandya (VSB #72233)
DUANE MORRIS LLP
505 9th Street, NW, Suite 1000
Washington, DC 20004-2166
Tel: (202) 776-7807
Fax: (202) 478-2811
BHPandya@duanemorris.com

James S. Brown (*Pro Hac Vice* to Follow)
DUANE MORRIS LLP
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Tel:    (415) 957-3000
Fax:    (415) 957-3001
JamesBrown@duanemorris.com

*Counsel for Defendants,
CSI IT, LLC and Brad Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April 2022, I electronically filed the foregoing Answer, Affirmative Defenses and Counterclaims with the Clerk of Court using the CM/ECF system. The CM/ECF system will send the document and a notification of such filing (NEF) to all counsel of record.

*/s/ Brian H. Pandya*
Brian H. Pandya